NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK REIGHTLER, | CIVIL ACTION NO. 14-3518 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| MONMOUTH BIOPRODUCTS, LLC, et al., | |
| Defendants. | |

**THE COURT** ordered the defendants, Monmouth Bioproducts, LLC ("MBLLC") and Sean M. Duddy, to show cause why the action should not be transferred back to the United States District Court for the Middle District of Pennsylvania ("Pennsylvania District Court") for a remand to Pennsylvania state court for lack of subject-matter jurisdiction under 28 U.S.C. § 1332(a). (See dkt. entry no. 25, Order to Show Cause at 1–5.) The parties should be familiar with the contents of the Order to Show Cause.[1]

**THE PLAINTIFF** was a member of MBLLC when he brought the action. (See dkt. entry no. 26-1, Sean M. Duddy Aff. at 2 ("At a maximum [MBLLC] has five members, comprised of, myself, my wife Cate Duddy, my brother Brian Duddy, my

---

[1] The Court's review of the docket reveals that counsel has not properly appeared in the United States District Court for the District of New Jersey for any party in this action.

brother Joseph A. Duddy, and Frank Reightler the Plaintiff herein."); id. (stating plaintiff's "ownership accounts for two percent (2%) interest in the company").)  Thus, the federal courts cannot exercise subject-matter jurisdiction over this action.  See Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *3 (E.D. Pa. Dec. 8, 1995) (stating there is common citizenship on both sides of action when unincorporated entity and that entity's member are adversaries); see also DPCC, Inc. v. Cedar Fair, L.P., 21 F.Supp.2d 488, 490–92 (E.D. Pa. 1998) (granting motion to remand where unincorporated entity and that entity's member are adversaries); Nomura Asset Capital v. Overland Co., No. 02-1604, 2003 WL 138093, at *2–3 (D. Del. Jan. 8, 2003) (same).  When a member of an unincorporated entity brings an action against that unincorporated entity, "the doors of the federal courts" are "effectively close[d]" to that action.  Bankston v. Burch, 27 F.3d 164, 168–69 (5th Cir. 1994).

      **THE DEFENDANTS** advised the Pennsylvania District Court that the plaintiff had resigned from employment with MBLLC, but neglected to state that the plaintiff had not specifically resigned his membership or ownership interests with MBLLC.  (See generally dkt. entry no. 21, Mem. Op.)  Furthermore, the Court is not convinced by the defendants' vague assertion that the Court should deem the plaintiff to no longer be a member of MBLLC.  (See, e.g., dkt. entry no. 26, Br. of Defs. Counsel at 3 (arguing, without more, that "it is reasonable to conclude that Plaintiff intended to revoke any membership he may have had in [MBLLC]").)

**THE COURT** will therefore: (1) grant the Order to Show Cause; and (2) transfer the action back to the Pennsylvania District Court to remand to Pennsylvania state court for lack of subject-matter jurisdiction.

**THE COURT** will issue an appropriate order and judgment.[2]

   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  December 22, 2014

---

[2]  The defendants argue that "in so much as Plaintiff has not made an objection to the matter being venued in the Middle District of Pennsylvania, in the event that this Court overrides [the Pennsylvania District Court's] prior decision to transfer the matter to New Jersey, and transfers the matter back to Pennsylvania, Defendants request that that [sic] the United State [sic] District Court for the Middle District of Pennsylvania retain the matter and that it not be transferred [sic] back to Pennsylvania State Court".  (Br. of Defs. Counsel at 3.)  The argument is without merit.  See Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004) (stating "subject matter jurisdiction is never waived"); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants").